UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

ROBERT CARR, JR.,

        Plaintiff,

      v.                                             Case No. 25-cv-1302-bhl

JASON BARANEK,

        Defendant.

───────────────────────────────────────────────

## SCREENING ORDER

───────────────────────────────────────────────

Plaintiff Robert Carr, Jr., who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 22, 2025, Carr filed a notice, which he captioned as an amended complaint, stating that he wanted to dismiss his claim against Barry Phillips. This matter comes before the Court on Carr's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Carr has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Carr has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $33.16. Carr's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Carr, Defendant Officer Jason Baranak made false statements in an affidavit in support of an application for a search warrant. Carr asserts that these false statements were necessary to a finding of probable cause.

## THE COURT'S ANALYSIS

The complaint is deficient under Fed. R. Civ. P. 8 because it does not contain sufficient factual matter to state a claim for relief that is plausible on its face. As explained above, Rule 8 demands more than an unsupported accusation that a defendant harmed the plaintiff. Mere conclusory statements that are not supported by factual content are insufficient to state a claim. Although Carr accuses Baranak of making material false statements in an affidavit, he includes no factual allegations about what the statements were, how they were false, why they were material,

when the search occurred, or how the search impacted him. Without sufficient factual content, the Court cannot reasonably infer that Baranak is liable for the alleged misconduct.

Therefore, if Carr wants to proceed with this lawsuit, he will need to file an amended complaint by **February 5, 2026** that cures the deficiencies identified in this decision. Carr should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. Carr should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Carr's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Carr's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **February 5, 2026**, Carr may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Carr a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Carr shall collect from his institution trust account the $316.84 balance of the filing fee by collecting monthly payments from Carr's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Carr is transferred to another institution, the transferring institution shall forward a copy of this Order along with Carr's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Carr is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Carr is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 6, 2026.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge